UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT P. LARKIN,

      Plaintiff,

v.                                                    Case No. 05-72250
                                                    Honorable Patrick J. Duggan

SAGINAW COUNTY, SAGINAW COUNTY
SHERIFF CHARLES L. BROWN, and
SAGINAW COUNTY SHERIFF'S
DEPARTMENT,

      Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 28, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed this *pro se* lawsuit on June 7, 2005, challenging his treatment while in custody at the Saginaw County Jail from February 25, 2002 through June 6, 2004. Specifically, Plaintiff alleges that he was required to strip naked on several occasions, was left naked in his cold cell for several hours, was subjected to lewd and humiliating comments about his genitalia, and that female guards were present on these occasions. On July 26, 2005, Defendants filed a motion to dismiss, contending *inter alia* that Plaintiff

1

failed to exhaust his available administrative remedies prior to filing this lawsuit, contrary to the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). This Court referred the motion to Magistrate Judge R. Steven Whalen.

On January 31, 2006, Magistrate Judge Whalen issued a Report and Recommendation (R&R) concluding that Defendants' motion should be granted and that Plaintiff's complaint should be dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies. In reaching this conclusion, Magistrate Judge Whalen rejected Plaintiff's argument that there were no available administrative remedies at the Saginaw County Jail regarding the matters raised in this lawsuit. While Defendants presented the Saginaw County Jail "Inmate Guide" to show that there were available administrative remedies, Plaintiff relied on Paragraph 24(E)(3) of the Guide, which removes "any facility policy discrepancies" from the administrative process, to contend that there were no available administrative remedies because the jail had a "policy" of stripping inmates. Without resolving whether Paragraph 24(E)(3) removed this "policy" from administrative review, the Magistrate Judge concluded that there only was evidence that the policy was in effect until 2001– before Plaintiff was incarcerated. But even if Plaintiff was correct, Magistrate Judge Whalen concluded that his complaint must be dismissed pursuant to Sixth Circuit case law because the complaint includes a retaliation claim for which there are available administrative remedies which Plaintiff admits he failed to pursue. *See* R&R at 6-7 (citing *Jones-Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005)(adopting the "total exhaustion" rule which requires dismissal of a prisoner's

2

entire complaint where the prisoner fails to exhaust even one claim).  At the conclusion of his R&R, Magistrate Judge Whalen informs the parties that they must file any objections to the R&R within ten days. Plaintiff filed objections on February 10, 2006.

In his objections, Plaintiff contends that Magistrate Judge Whalen erred in concluding that the Saginaw County Jail's policy of stripping inmates discontinued in 2001.  Plaintiff refers to a lawsuit filed by numerous Saginaw County inmates in 2005, alleging that the inmates were subjected to this policy during the time that Plaintiff was incarcerated.  Plaintiff also contends that Magistrate Judge Whalen erred in finding that Plaintiff alleges a First Amendment retaliation claim in his *pro se* complaint.  Plaintiff states that he is not alleging such a claim and concedes that he cannot demonstrate the elements of such a claim.

Based on the evidence presented by Plaintiff, this Court disagrees with Magistrate Judge Whalen's conclusion at this time that the Saginaw County Jail policy of stripping inmates ended in 2001.  As Plaintiff states that he is not pursuing a retaliation claim against Defendants and concedes that he lacks the proof to establish such a violation, this Court also must find that Plaintiff's complaint is not subject to dismissal based on his failure to pursue such a claim through the administrative process.  Despite these disagreements with Magistrate Judge Whalen's conclusions, this Court agrees that Plaintiff's complaint must be dismissed for failure to exhaust his administrative remedies.

Paragraph 24 of the Saginaw County Jail Inmate Guide sets forth a three-step grievance procedure and lists nine categories of complaints for which the grievance

system is not available, including "[a]ny facility policy discrepancies." *See* Mot. to Dismiss Ex. 2. While Plaintiff claims that this exception applies to his claims, this Court is not convinced that his interpretation is accurate. By its plain wording, as Judge Whalen noted, this exception applies where there are discrepancies in facility policies. *See* R&R at 6 n.2. Plaintiff does not identify a facility policy that is incongruent with the jail's alleged stripping policy. Furthermore, as Plaintiff concedes, he did not file or attempt to file any administrative grievances with respect to his claims in this case. Thus there has been no determination by the jail that his claims fall within any exception to the grievance system set forth in Paragraph 24 of the Inmate Guide. As a result, the Court finds no support for Plaintiff's claim that administrative remedies are not available.[1]

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **GRANTED**;

---

[1]Plaintiff alternatively argued that he was not provided with a copy of the jail's Inmate Guide. The Sixth Circuit has held, however, that the failure of prison officials to notify an inmate of available administrative procedures does not excuse the exhaustion requirement. *Brock v. Kenton County*, 2004 WL 603929, at *3 (6th Cir. March 24, 2004)(unpubl. op.)(following *Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001); *see also Bey v. Johnson*, 407 F.3d 801, 809 n.9 (6th Cir. 2005)(citing *Brock* to find that prison official do not have to affirmatively provide information on how to proceed with individual administrative grievances).

**IT IS FURTHER ORDERED**, that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

                                                   s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Scott P. Larkin #170328
Parr Highway Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221

Christina M. Grossi, Esq.